Good morning, Your Honors. May it please the Court. This is a relatively simple issue presented by this appeal, but I believe it's an important one. And it's whether the District Court justifiably given the Landon case, no issue there, made an error when it ruled that the government can avail itself of a state law defense while violating the intent of the state law statute. And what we're talking about here is the Virginia Workers' Conference Statute, and it's a compensation act, and it's exclusivity for a remedy for somebody who is injured while they're on the job. The undisputed intent of that act is that all employees injured at work should have a remedy, and that remedy is going to be workers' compensation regardless of their status, whether they're an employee, whether they're an independent contractor, whether their direct employer had insurance. The basic idea is you're going to be taken care of if you're hurt at work. And sometimes the way that statute operates, the employer who ends up providing compensation benefits, it's not their employee. But there's a tradeoff. There's a bargain. And the bargain is, is that the statutory employer is going to not be subject to third-party tort liability for that same injured employee because they could be made to provide them with workers' compensation benefits. So, Mr. Culley, you just mentioned the word statutory employer, and I think I know the answer, but I just want to confirm. Yes. You are not arguing, I believe, that the DIA is not your client's statutory employer, right? I am not. Okay. I just want to make sure. Thank you. That was just a clarification. The issue that's created here, and it's one that I believe the Virginia Supreme Court has tipped its hand on but hasn't had the opportunity to opine upon, is what happens when that statutory employer cannot be made to provide workers' compensation benefits. And that's the position in which the government, through the DIA, finds itself in this situation. But can I ask, with all, of course, respect to the Virginia Supreme Court, it's not their decision. When it comes to a Federal employer, it's not their decision, right? I think that's, respectfully, again, Your Honor, I think I disagree. And let me explain why, because I think that's the crux of the difference between the appellant's position and the government's position here. And that is, what is unquestionably true is that sovereign immunity is the province of the so-called sovereign. The government... Right. The terms under which the Federal government waives its own sovereign immunity is a matter for the Federal government to decide, not for the Supreme Court of Virginia to decide, right? Absolutely. Okay. We can start with that. We can start where we're in complete agreement there. But the Federal Tort Claims Act has set forth the conditions under which the Federal government can be sued. And the specific statute that's in play here, the one that matters, is it says that it can be sued. It can avail itself of all State law defenses. It can avail itself of the statute. No, no, no. It says the Federal government can be sued when a private employer would be liable under like circumstances, right? Understood. That's, I may, I'm overly paraphrasing. So the question is not, well, again, just to be clear, the question, assuming that you could ever sue the Federal government in State court, which I assume the Federal government takes the view under no circumstances can you ever sue the Federal government in State court. But regardless of whether the Federal government would have a defense under Virginia law to the specific action does not matter, right? The question is whether or not they have a defense under the Federal Tort Claims Act. But the Federal Tort Claims Act, in the provision you just cited, says the government can defend itself in the same position as a State law defendant could in like circumstances. So, for example, let's move away from the, from the Workers' Compensation Act. Statute of limitations. The Federal government in that situation would be able to assert, would be able to, well, that's a bad example. Wrong, wrong, wrong example. Let's go with contributory negligence. So, I mean, the elephant in the room here, if we ever somehow got past the FTCA, is that the Commonwealth of Virginia has an extremely robust contributory negligence defense, which if you could somehow get past the FTCA bar, the government – but I think this is helpful. Like, the government could avail itself of the same contributory negligence defense that any defendant in Virginia can avail itself of, right? It's the wonders of being in the Mid-Atlantic with contributory negligence. But the answer is yes. And the Virginia, and this is where I think we might get lost in the weeds a little bit, but Virginia's law on contributory negligence would inform the same defense that the government would assert for contributory negligence or assumption of risk. And I think it's – It doesn't get a better contributory negligence defense than a non-employer would get, right? Exactly. And that's exactly where we are with the statutory employer issue and the state law. The bargain that I just – that I described earlier in which non-employers could be held liable for compensation benefits to their subcontractors, independent contractors, that is a creation of state law. Virginia – and that's why I believe what the Virginia Supreme Court would do is relevant in this case. It matters because they would determine what – they're who could not be made under Virginia law pay workers' compensation benefits. And it's not only the federal government that's in play. Believe it or not, there is a state out there that does not require workers' compensation benefits. Okay. But let's take the Commonwealth of Virginia. Sure. Isn't it the case – tell me if I'm wrong. I mean, this genuinely is a question. I believe this, but I'm totally not aware of how Virginia workers' comp law works enough to be confident. An employer the size of either the federal government or the Defense Intelligence Agency under Virginia law, there's no way they would be required to provide workers' compensation, right? Because the only – my sense is the only employers under Virginia law who aren't required to do this are much smaller than the federal government, right? Sure. Okay. So an employer of similar size would not be exempt from workers' comp under Virginia law under any circumstances. I don't think – I say this hesitantly, but I'm not sure size matters. No, no, no, no. I know – the factual question and then does it matter, but okay. But you don't have any basis to disagree with the factual proposition that an employer the size of the federal government would absolutely be required to provide workers' comp under state law. Under state law, yes, but the – but the – Virginia itself cannot make the federal government provide workers' compensation. And there are statutes after statutes after statutes. Okay. So why doesn't – why doesn't – so the reason, I guess, lurking in the court said in Olson, right? I think it's Olson. Yes, Olson. That we're not looking for a precise twin. We're deciding the sort of broader question of whether it's similar. And so one hypothesis the government, I think, advances to say, well, like would mean an employer of similar size, and an employer of similar size would absolutely be entitled to this defense under Virginia law. Correct. But the federal government can never be in similar shoes because it is the one who decides whether it can be made to provide workers' compensation. But to that – okay. But then that – thank you, because that helps key on the question of the Seventh Circuit's decision in Carter, because you could have said the exact same thing in the Seventh Circuit's – in fact, Judge Easterbrook pointed out the same thing in Carter, which is the federal government can't be compelled to pay into this medical pool, right? And what the Seventh Circuit said in Carter is that doesn't matter under the like analysis. So in order to rule for you here, would we have to say the Seventh Circuit was wrong in Carter? I hesitate to use the word wrong, but there are all kinds of examples where different circuits can reach different conclusions. So that's a yes to my question? It's not a no. Okay. But yes. And I think the compelling reason here – and I am not as familiar with the underlying statutory scheme in the – that the Seventh Circuit was ruling on. But the Virginia Workers' Compensation Act is relatively unique in terms of the breadth of people who could be liable for workers' compensation benefits. And this anomaly has been created here where there really is no remedy for somebody who – and I understand I have other hurdles to fight in this case, should I get through there – but there is no remedy for the individual who is injured on the job. The government is availing itself of a statutory bar, but it's not subject to the other half of the bargain, and it can't be, which is that you're part of the pool. No, I'm just sort of sympathetic to your position. It seems to me that you would have – would be a good idea to have a remedy for – of some sort. And it's difficult to be in a situation where you can't sue in tort and you can't recover workers' compensation, neither one. And so, I mean, I'm sympathetic to that. What I can't – what I'm having – what I struggle with and have some trouble getting around is just in following Virginia law over the years, the one thing that stands out to me is that Virginia law is just very protective of shielding – of its workers' compensation program and in shielding employers from tort suits. And I'm just not sure that we should be restricting that immunity in the absence of a signal – a clearer signal from the Virginia Supreme Court. I don't know that the Virginia Supreme Court has given a perfectly clear signal one way or another, but the – I guess it's the – the Hook case seems pretty close. And the other one I would point to is the Gibbs case, which was relative – it was not on all fours with the issues that are presented in this case by far because it was – But why – why would – I just don't see a clear signal from the Virginia Supreme Court or anything that – that would allow us to restrict the scope of the immunity that the Virginia Supreme Court has been very protective of. I mean, they – it's a strain running throughout the Virginia law that they are – they feel that tort suits against employers are – pose a threat to the workers' compensation program. And even when you're in a situation where the employer can't be compelled to pay workers' compensation, the Virginia Supreme Court has still upheld immunity, even when the employer can't be compelled to pay the workers' compensation. Now, that – it seems – it seems a very difficult situation for your client to be in, not to get workers' compensation and not to get the opportunity to sue in tort. But I just – my whole question is whether we really have the basis in Virginia law to restrict the immunity that the Virginia Supreme Court has accorded employers. That's the difficulty that I have. And, Your Honor, I understand I'm getting very short on time, so I will try to be brief. But I do want to briefly respond to that point. First of all, that's part of the reason why we requested certification to the Supreme Court, both at the district court level and when we filed in this court. I believe that this is something that, at its best, this is a matter for the Virginia Supreme Court to weigh in on. Have you identified literally any case where this court has ever held that a district court abused its discretion by not certifying a question of state law? Well, that might be the biggest hill I've ever tried to climb in my legal career. It's a big swing. It's a big swim, and if I would be – all I can say is I am unaware of any authority to suggest that. So I am not focusing on that for the purposes of my argument today. I am out of time. I have reserves for rebuttal. Good morning, and may it please the Court, Elizabeth Spavans, Assistant United States Attorney for Defendant Appellee of the United States. The district court should be affirmed. The district court properly dismissed plaintiff's claims under the Federal Tort Claims Act for lack of subject matter jurisdiction because the Virginia Workers' Compensation Act would preclude plaintiff from bringing tort claims against a private party under, quote, Specifically, the Federal Tort Claims Act State Law Analog Provision 28 U.S.C. 2674 only authorizes the United States to be liable in the same manner and to the same extent as a private individual under, quote, Thus, the United States is only liable for plaintiff's tort claims to the extent a private party would be liable under Virginia law in like circumstances, as this Court has said in Kearns, among other cases. Here, the relevant state law analog, the Virginia Workers' Compensation Act, specifically under the exclusivity provision of that act, states that the rights and remedies provided exclude all other rights and remedies of a covered employee for injuries sustained in the course of employment. As noted in our brief and also again here today, the plaintiff is not disputing that the DIA is her statutory employer for purposes of this case. Accordingly, the United States may only be held liable in the same manner as a private individual under like circumstances. The plaintiff could not bring a cause of action arising out of any injuries in the workplace in Virginia, and therefore, the United States has no liability under like circumstances. And thus, the district court ruled there was no jurisdiction under the FTC. So can I ask you, the cases, I was a little surprised, honestly. The cases, none of them seem super on point to this one. I'm not saying that we have to decide the case in front of us, but have you as a factual matter identified any case where a court sort of did the like circumstances analysis and the conclusion is the plaintiff can't sue anyone for anything at all? Because none of the cases cited in the brief seem to involve that fact. Like so the Seventh Circuit decision, you say, we're going to cap the amount of recovery you can get. Or other cases say you can't sue the federal government, you can sue somebody else. But this woman seems to be in this sort of position where the logical conclusion of your argument is the number of permissible defendants is zero and the amount of permissible recovery is zero. Well, I would point this court to a couple of cases. I would point the court, understanding it is on, well first let me point the court to Evans v. Hook. Sorry, other than our unpublished opinion. No, sure. And Landon, putting aside Landon, that's unpublished. Vernon is also unpublished. Vernon is the South Carolina statute. But it is actually, I think, quite illustrative because the South Carolina statute is similar. And in addition, the South Carolina statute actually says, you know, the state law specifies a carve-out for the United States. And this court said, well, it doesn't matter. We're looking at like circumstances. So I think the analysis is informed by those cases. I mean, Landon is the one that basically is this case or very close to this case. The only distinction in Landon that plaintiff asserts is that because of the plaintiff in Landon's employment structure, that person could go after their, another person in the chain. The difference here is that plaintiff was the sole proprietor. So she doesn't have an independent contractor. And, I mean, also, again, you've got the, Landon literally gives no reasons. It just says you can't sue them. Like there's no, I mean, it's not just that Landon's not binding in a formal sense. It's almost like Skidmore deference. Unpublished opinions are as persuasive as their power to persuade, except that opinion gives literally no explanation. It just asserts that's the answer. The Landon analysis is limited, but I wouldn't say it's zero. I mean, the court, the decision in Landon does explicitly note that Gibbs, notwithstanding, it can make this decision. Certainly it could have elaborated for all the reasons that Gibbs is not on all fours. But plaintiff himself, plaintiff herself acknowledges Gibbs is not controlling here, both because, for a variety of reasons, which I'm happy to get into. I agree the analysis in Landon is limited, but I wouldn't say it's zero. And the reason is it tracks the many cases that talk about how even if the federal government is not part of a state remedial scheme, nevertheless, under the FTCA, the like circumstances analysis. Yeah, this is the part where Carter is basically on all fours, right? Because Carter considers this exact argument and rejects that exact argument. Yes, that's right. And in addition, I would, to the extent this court wants to also look at its own decisions, the Starnes case, which is about a different Virginia law, but it's very similar in that it's a comprehensive state scheme, the Virginia medical malpractice cap. And this court in Starnes holds that even though a federal government medical facility isn't regulated by the state of Virginia, which is part of the Virginia law, nevertheless, we are including, under the like circumstances analysis, we are looking to that law to determine if this statutory cap applies. So absolutely it's different to say, well, we're applying a cap like in Starnes or in Carter versus no liability at all. But the analysis is always the same. It's looking to a state law even though the federal government is different than a private party in a liability sense or in a regulated sense. So I think that's the proper lens with which to analyze. And the reason is I think as Judge Wilkinson pointed to in Evans v. Hook, which is the Supreme Court of Virginia, specifically said, even though an independent contractor may not have been liable for payment of workers' compensation benefits to the injured employee, he is still entitled to such immunity. Now, in that instance, it was an architect who was a solo. And as Your Honor noted, that is a small carve-out under the comprehensive Virginia workers' compensation scheme that if you have very few employees, you don't. Right. So one way to think about this is any remotely comparable employer in Virginia would 100% be paying into workers' comp. Precisely. And that's the inquiry. The inquiry isn't working backwards. Well, if someone is left out of no workers' compensation and no tort claim, therefore we must find jurisdiction in a federal court. That is not the way that analysis works. So the contrary, we start with. What is this person to do? You know, he can't sue in tort and he can't recover workers' compensation. And so what does he do if he's been negligently injured? So if we're asking about this specific individual, of course, the government did move for summary judgment on the basis of contributory negligence, as Judge Heitens noted. So this person may be left out in the cold as far as damages anyway because of a different Virginia statute just to address this individual's factual claim. But nevertheless, it is our position that if the analysis goes that under the Federal Tort Claims Act, the state law analog provision means that the person does not have tort claim. The bottom line position that we stuck with, was the thought that, well, there are violations of law for which there is no remedy. For which there is no clear remedy. Are we just stuck with that proposition that not every legal infraction has a remedy? I'm sure that's true in a number of cases. But is that where we're left? Yes, Your Honor. Under the Federal Tort Claims Act, there are only some waivers of sovereign immunity. And so it is the case that this... And that's what the cases there are. A number of our federal appendix cases seem to indicate. It's probably legally correct, but it's not very satisfying, I must say. Your Honor, I think it is correct. And as far as the satisfying element, I would say that the law is clear that the district court is of limited jurisdiction. It has to look to the waivers of sovereign immunity. Those have to be expressly construed. Because the baseline of sovereign immunity, it's difficult to say, right? But the baseline immunity is that if the federal government does something bad to you, you have no remedy unless the federal government chooses to give you one, right? That is the sort of legal baseline. And then this statute says sometimes we'll give you a remedy. But I guess implicit in saying sometimes we'll give you a remedy is saying sometimes we won't. Yes, Your Honor. The waivers of sovereign immunity, the sovereign can only be sued when there are waivers of sovereign immunity. You've got two sets of immunities here. You've got the immunity that the federal government has inherently and the fact that we are being cautioned repeatedly not to expand or imply the federal government's waiver of sovereign immunity. And then you've got the Virginia Supreme Court, which has another immunity which we are not supposed to restrict. So you've got one immunity which we are told we're not to expand the waivers of that immunity. And then we've got another immunity which we are told by the Virginia Supreme Court we're not to restrict. And so this is sort of in between the two immunities. But I mean, I understand all the legal obstacles to the appellant's position. They're formidable and I have no desire to start implying waivers of sovereign immunity or restricting Virginia immunities. All I'm saying is I think your position is very sound as a matter of law, as a matter of facts. As a matter of fact, I find it unsatisfying that this person could have been in a car accident with a negligent driver and nothing happened. So is there some way you can make me feel better about it? Yes, Your Honor. On these facts, the government did move for summary judgment on the basis of that in this incident, which only involved one driver, which was the plaintiff, there was contributory negligence. Plaintiff drove against a red light, against an arrow pointing in the right direction, up onto a barrier. So she was driving on the incorrect side of the road to go out an inbound lane. That's the incident that's at issue here. I'm guessing you would probably say if it was a two-car accident that the remedy that Ms. Robinson, I think is her name, would have would probably be the other car's insurance, right? That's exactly right, yes. Or, of course, an individual who is a sole proprietor could have their own insurance to cover workplace incidents themselves. None of that is expanding the government's liability here. But in this situation, this person is without remedy because of the unique circumstances of their case. But, again, even on the merits, the government's position is there is no remedy here because of Virginia law and contributory negligence. So it's not a situation where the layers of immunity that Judge Wilkinson described are the only thing preventing someone's recovery. There are other substantive issues at the merits as well. And as Judge Benjamin points out, there could be other circumstances where there would be another person that the person could pursue damages from, whether an intermediate, independent contractor, or if there was another individual involved. Thank you very much. Hold on a minute. I'm going to ask my friends on the panel if they have any further questions. Are you okay? I do not. Okay. All right. We thank you. Thank you. You have some revolve time, sir. Thank you, Your Honors. I want to respond briefly to the government's characterization of the underlying accident. There was a DVD footage from security camera on the scene. It's a little more complex than that. The exit to the facility has two barriers, two lanes. The security guard put the barrier down to one lane and instructed her to go out that lane. And then when she was going out that lane, they blew the barrier up underneath it. Contributory negligence is almost always an issue for the finder of fact. It is rarely, rarely a dispositive on summary judgment. And the court below did not decide this case. Well, I mean, under Virginia practice, you basically can't get summary judgment, right? In state court, yes. But here you'd be in federal court. But we're not there. But as far as the substantive case law, it's usually a fact issue, and it's where reasonable minds can disagree. And the district court did not grant the government's motion for summary judgment. It didn't rule on it, and that's not why we're here today. We're here on the grounds the district court did rule on, and that is the sovereign immunity issue. And to respond to Judge Wilkinson's comments, I don't think we're asking to expand the waiver of the sovereign immunity under the Federal Tort Claims Act. What we're asking, the question that's presented here is what is. . . Well, let's test that proposition. Sure. What is the most analogous case to this one that you've been able to identify where a court found a waiver of sovereign immunity? It's a tough call because I can't really find one. But I do not believe. . . So that sounds like an expansion then. We're not. . . I would humbly submit that we're not dealing with increasing or growing the waivers of sovereign immunity. We're focusing on what defense. . . What I'm focusing on, and I believe where this appeal turns, is what is the scope of the defense under state law that the federal government is utilizing, much like if it's utilizing contributory negligence as a defense in the case. What is going on under state law that the government is using as the defense? And in this case, except for smoke signals in cases like Gibbs, it's unclear. You mean like footnote 2 where Gibbs says we're literally not purporting to opine in what the rule under the Federal Tort Claims Act would be? Correct. Correct. But I think there. . . But in the Gibbs case, again, not on all fours. I have never suggested it's controlling. But in the Gibbs case, it did hold that the Navy was not the statutory employer. But not in the course of deciding whether you could sue the Navy.  In the course of deciding whether you could sue someone who wasn't the Navy. Sure. And that's the issue here. There is no one else to sue. To use the car accident example that Judge Benjamin mentioned a second ago, suppose it was a two-car accident with a Federal employee acting within the scope. You couldn't sue. . . There would be no remedy in that situation either. Let's hypothetically say that this was an accident in the parking lot at the DIA with a DIA security guard. My client would not have been able to sue anybody in that situation either or recover workers' compensation benefits. Why do you say that they wouldn't be able to sue them? Because it wouldn't be. . . Of course, the workers' comp exclusivity would not. . . Okay. Even if the Virginia workers' comp exclusivity wouldn't apply, I would assume that they are under traditional tort insurance laws that they would be able to sue. Not if the tort fee is there's a Federal employee acting within the scope. DIA-employed security guard hits my client in the parking lot, which does trigger the workers' compensation exclusivity. She couldn't bring a tort suit against the DIA employee who hit her. Because they. . . Just to walk through the reason, because the government would substitute itself as the employee and then move to dismiss based on sovereign immunity? Because you can't sue a Federal employee when they're acting within the scope. But if you purported to do that, what would happen is you'd say you can't do that, the only possible defendant would be the Federal government itself, and then the Federal government would say we have sovereign immunity. And we're right here with the same argument. So I don't think that. . . I think it's broad. . . I think the issue is broader than just my client in this particular case. I think I will submit on the brief at this point. Am I the first person ever not to use all of my rebuttal time? Thank you, sir. Thank you. All right. I appreciate your argument. We'll come down and shake hands and we'll proceed into our final case. Is that okay? Absolutely. All right. We'll come down and say hi to you.
judges: J. Harvie Wilkinson III, Toby J. Heytens, DeAndrea Gist Benjamin